UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
PATRICIA SUAREZ GUADARRAMA,

                        Plaintiffs,

   -against-

                                                  Index. No.:
                                                  **COMPLAINT**

TOP 1 LAUNDROMAT, INC.,
D/B/A TOP 1 LAUNDROMAT,
TOP 1 CHEN LAUNDROMAT, INC
D/B/A TOP 1 LAUNDROMAT, and
FNU CHEN D/B/A TOP 1 LAUNDROMAT,

                        Defendants,
------------------------------------------------------------------------X

Plaintiff, Patricia Suarez Guadarrama herein ("Guadarrama"), by and through her attorney Heriberto Cabrera & Associates, as and for her Complaint against TOP 1 LAUNDROMAT, INC., D/B/A TOP 1 LAUNDROMAT, TOP 1 CHEN LAUNDROMAT, INC D/B/A TOP 1 LAUNDROMAT, and FNU CHEN D/B/A TOP 1 LAUNDROMAT, ("Defendants"), respectfully allege as follows:

## INTRODUCTION

1. This is a suit to recover unpaid minimum wages and overtime and compensation for the overtime hours worked by Plaintiff while an employee for Defendant, pursuant to New York State Labor Law Sections 190 *et seq* ("NYSLL") and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

2. This action seeks unpaid overtime wages, minimum wages, liquidated damages, notice violations, spread of hours violations, reasonable attorney's fees, costs, and pre- and post-judgment interest for Defendants' willful failure to pay overtime, and minimum wages, inter-alia, to Plaintiff, Patricia Suarez Guadarrama.

3. Plaintiff, Patricia Suarez Guadarrama, demands a jury trial on all issues that may be tried by a jury.

1

## PARTIES

4. Plaintiff, Patricia Suarez Guadarrama, is a resident of Kings County, New York and she was an employee of Defendants at 4102 5th Avenue, Brooklyn, New York, 11232.

5. Upon information and belief, Top 1 Chen Laundromat, Inc., is a domestic corporation doing business within the State of New York, County of Kings, and have a principal place of business in Kings County in the City and State of New York as follows:
    a. 4102 5th Avenue, Brooklyn, New York, 11232.

6. Upon information and belief, Top 1 Chen Laundromat Inc., are at present and have been at all times relevant to the allegations in this Complaint been an enterprise engaged in interstate commerce within the meaning of FLSA Section 203(b) in that it has and has had employees engaged in interstate commerce or in production of goods for interstate commerce as well as handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce by any person; and they have each had annual gross volume sales of not less than $500,000.

7. Top 1 Chen Laundromat Inc., is an "employer" within the meaning of 29 U.S.C. Section 203(d) and NYSLL Section 190(3) that runs and profits from business operations as a laundromat company based at 4102 5th Avenue, Brooklyn, New York 11232, where Defendants controlled the terms, conditions, and pay practices relating to the Plaintiff.

8. Upon information and belief, Defendant, Top1 Laundromat Inc., is a domestic corporation doing business within the State of New York, County of Kings, and have a principal place of business in Kings County in the City and State of New York as follows:

   a. 4102 5th Avenue, Brooklyn, New York, 11232.

9. Upon information and belief, Top 1 Laundromat Inc., are at present and have been at all times relevant to the allegations in this Complaint been an enterprise engaged in interstate commerce within the meaning of FLSA Section 203(b) in that it has and has had employees engaged in interstate commerce or in production of goods for interstate commerce as well as handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce by any person; and they have each had annual gross volume sales of not less than $500,000.

10. Top 1 Laundromat Inc., is an "employer" within the meaning of 29 U.S.C. Section 203(d) and NYSLL Section 190(3) that runs and profits from business operations as a laundromat company based at 4102 5th Avenue, Brooklyn, New York 11232, where Defendants controlled the terms, conditions, and pay practices relating to the Plaintiff

11. Upon information and belief, Defendant, FNU Chen, whose home address is unknown, is an individual and a natural citizen of the United States of America and doing business within the State of New York, in the City and County of Kings, and has principal places of business in Kings County in the State of New York at the following location:
   a. 4102 5th Avenue, Brooklyn, New York, 11232.

12. Defendant FNU Chen is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant FNU Chen is sued individually in her capacity as an owner, officer, and/or agent of Defendants.

13. Upon information and belief, Defendant FNU Chen possesses or possessed operational control over Defendant Corporations, possesses or

possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendants and the laundromat business of the corporations.

14. Defendant FNU Chen, determined the wages and compensation of the employees of Defendants, including Plaintiff.

15. Defendant FNU Chen, established the schedule of the Plaintiff

16. Defendant FNU Chen directed work tasks and assignments for employees, including Plaintiff's.

17. Defendant FNU Chen issued pay to Plaintiff

18. Defendant FNU Chen disciplined Plaintiff

19. Defendant FNU Chen had the authority to hire and fire employees including Plaintiff.

20. Upon information and belief, Defendant FNU Chen, has ownership interest in the corporate defendants and she is a manager and supervisor of all her employees and the employees of the corporate defendants.

21. Defendant, FNU Chen, and the corporate defendants through defendant FNU Chen, controlled the terms and conditions of Plaintiff's employment and are thus "employers" within the meaning of 29 U.S.C Section 203(d) and NYSLL Section 190(3).

22. Plaintiff was an "employee" of Defendants within the meaning of 29 U.S.C. Section 203(e)(1) and NYSLL Section 190(2).

## JURISDICTION AND VENUE

23. This court has subject matter jurisdiction over Plaintiff's Fair Labor Standards Act ("F.L.S.A.") claims pursuant to 28 U.S.C. § 1331 and § 1337 and supplemental jurisdiction over Plaintiff's NYSLL claims pursuant to 28 U.S.C. § 1367.

24. This Court also has jurisdiction over Plaintiff's F.L.S.A. claims pursuant to 29 U.S.C. § 201 et seq. and in particular, 29 U.S.C. § 216(b).

25. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because this action concerns wages and hours violations that occurred within the Judicial District and all parties reside in and/or conduct business within the Judicial District.

## FACTS

26. At all times relevant to this Complaint, Plaintiff received payments from Defendants and was economically dependent on Defendants in regards to making her living.

27. Defendants had the power to hire and fire employees including Plaintiff.

28. Defendants supervised and controlled Plaintiffs' work schedules and/or conditions of employment.

29. Defendants, through their agents, determined the rate and method of payment of Plaintiffs' wages.

30. Plaintiff, Guadarrama worked for Defendants as a laundry attendant, maintenance worker and cashier at 4102 5th Avenue, Brooklyn, NY 11232 from on or about March, 2012 to on or about December, 2016 and from on or about January 2018 to on or about March 20, 2020.

31. Beginning on or about March, 2012 to on or about December, 2016, Guadarrama

worked seven days per week from on or about 7AM to 11PM with hours which included some shifts that were routinely 16 hours in a single day from Monday to Sunday, and an approximately 112 hours each week.

32. Beginning on or about January, 2018 to on or about June, 2018, Plaintiff Guadarrama worked for Defendants from on or about 7AM to 11PM seven days per week and was paid $550.00 per week with hours which included shifts which were routinely 16 or more hours in a single day from Monday to Sunday for an approximate total of 112 hours of work each week.

33. Beginning on or about June, 2018 until the end of her employment on or about March, 2020, Plaintiff worked six days per week from on or about 7AM to 10PM with hours which included some shifts which were routinely 15 hours in a single day and totaled approximately 90 hours of work each week.

34. From on or about June, 2018 until the end of her employment on or about March, 2020, Plaintiff Guadarrama was paid approximately $650.00 per week, which sum was below the minimum wage required by both New York State and Federal Laws.

35. Defendants did not exercise any discretion over her tasks or over any significant aspects of the manner the Defendants ran their business. Nor did Plaintiff have control over the manner she could execute the tasks assigned to her.

36. Plaintiff, Guadarrama, routinely worked over 40 hours per week without receiving a premium on pay for hours worked in excess of 40 hours a week.

37. Defendants routinely required Plaintiff to work hours that were not recorded on the Defendants' time sheets.

38. Defendants never paid Plaintiff a premium for any hours worked over 40 hours in a single work week.

39. Upon information and belief, Defendants kept and/or allowed to be kept inaccurate

records of the hours worked by Plaintiff.

40. Defendants failed to adequately and accurately disclose and/or keep track of the amount of hours the Plaintiff worked during the day, the total hours Plaintiff worked during the week and/or the total amount of overtime hours worked each week.

41. If Plaintiff's hours had been properly documented and calculated, then the Plaintiffs' total amount of hours worked would have triggered payment calculated at premium overtime rates well in excess of the amount of money actually paid to Plaintiff by the Defendants.

42. Defendants' policy and practice was to be deliberately and/or willfully indifferent to the amount of regular wages and overtime wages that Plaintiff was entitled to under the law.

43. At all times, Defendants' policy and practice in regards to paying wages to Plaintiff has been willful in its violation of the relevant federal and state labor laws.

## FIRST CAUSE OF ACTION

*Failure to Pay Overtime Wages (Federal)*

44. Plaintiff re-alleges paragraphs 1-43 of this Complaint as if set forth fully herein.

45. Plaintiff was a non-exempt employee of the Defendants as understood by the FLSA at all relevant times.

46. At all relevant times, Plaintiff was not paid time and a half based on her regular hourly rate of pay for any and all hours worked in excess of 40 hours per week in violation of 29 U.S.C. § 207.

47. Plaintiff routinely worked hours in excess of 40 hours a week.

48. Said failure to pay was willful within the meaning of 29 U.S.C. § 260.

49. Thus, pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to back pay for unpaid overtime wages, in an amount to be determined at trial, liquidated damages, reasonable attorneys' fees, and costs.

## SECOND CAUSE OF ACTION

*Failure to Pay Overtime (State)*

50. Plaintiff re-alleges paragraphs 1-49 of this Complaint as if set forth fully herein.

51. Plaintiff was employed by the Defendants within the meaning of the New York State Labor Law §§ 2(7) and § 190(2).

52. Defendants failed to pay Plaintiff's overtime wages at a rate of at least one and a half times his regular rate of pay for each hour worked in excess of forty hours per week.

53. Plaintiff routinely worked hours in excess of 40 hours a week.

54. Defendants' failure to pay overtime wages to Plaintiff violated New York Labor Law which requires employers pay employees overtime for hours worked in excess of 40 hours per week at the rate of one and a half times the employee's regular hourly wage or the prevailing minimum wage (whichever is greater).

55. Said violations have been willful within the meaning of New York State Labor Law § 198(1-a).

56. Thus, Plaintiff is entitled to recover from Defendants unpaid overtime wages in an amount to be determined at trial, and an amount equal to those unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees, costs of this action and pre-judgment interest.

### THIRD CAUSE OF ACTION

*Failure to Pay Minimum Wages (Federal)*

57. Plaintiff re-alleges paragraphs 1-56 of this Complaint as if set forth fully herein.

58. Plaintiff was a non-exempt employee of the Defendants as understood by the FLSA at all relevant times.

59. At all relevant times, Plaintiff was paid below the controlling minimum wage required by state and federal law.

60. Said failure to pay was willful within the meaning of 29 U.S.C. § 260.

61. Thus, pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to back pay for unpaid minimum wages, in an amount to be determined at trial, liquidated damages, reasonable attorneys' fees, and costs.

### FOURTH CAUSE OF ACTION

*Failure to Pay Minimum Wages (State)*

62. Plaintiff re-alleges paragraphs 1-61 of this Complaint as if set forth fully herein.

63. Plaintiff was a non-exempt employee of the Defendants as understood by the NYSLL at all relevant times.

64. At all relevant times, Plaintiff was paid below the controlling minimum wage required by New York State law.

65. Said failure to pay was willful, deliberate and/or reckless without any good faith basis.

66. Thus, pursuant to Section 663(1) of the New York Minimum Wage Act,

Plaintiffs are entitled to back pay for unpaid minimum wages, in an amount to be determined at trial, liquidated damages, reasonable attorneys' fees, and costs.

## FIFTH CAUSE OF ACTION

*Failure to Pay Spread of Hours (State)*

67. Plaintiff re-alleges paragraphs 1-66 of this Complaint as if set forth fully herein.

68. Defendants have not paid Plaintiff their due additional hours of pay for shifts where Plaintiff worked in excess of 10 hours as required by NYSLL while making less than minimum wage.

69. Such failure to pay was willful within the meaning of NYSLL § 198(1-a).

70. Defendants' willful and intentional failure to pay the spread of hours violates the New York State Code of Rules and Regulations, Title 12, § 142-2.4, which requires employers to pay an additional hour at minimum wage when an employee works in excess of 10 hours in a single day.

71. Plaintiff is entitled to compensatory damages for Defendants' failure to pay the required spread of hours for each day they worked more than 10 hours, as well as liquidated damages, reasonable attorney's fees, costs and prejudgment interest.

## SIXTH CAUSE OF ACTION

*Violation of the Notice and Recordkeeping
Requirements of the New York Labor Law*

72. Plaintiff re-alleges paragraphs 1-71 of this Complaint as if set forth fully herein.

73. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rate of pay and basis

thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer' the name of the employer; any "doing businesses as" names used by the employer' the physical address of the employer's main office or principal place of business and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

74. Defendants are liable to Plaintiffs in the amount of $5,000, together with costs and attorney's fees.

## SEVENTH CAUSE OF ACTION

*Violation of the Wage Statement Provisions
of the New York Labor Law*

75. Plaintiff re-alleges paragraphs 1-74 of this Complaint as if set forth fully herein.

76. With each payment of wages, Defendants failed to provide Plaintiff with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime house worked, as required by NYLL 195(3).

77. Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

a. A declaration that the Defendants' acts and practices complained of herein are willful violations with the meaning of 29 U.S.C. § 260 and NYSLL § 198(1-a).

b. Directing Defendants to make Plaintiff's whole for all unpaid overtime wages, minimum wages and spread of hours pay due as a consequence of Defendants' violation of FLSA and NYSLL;

c. Directing Defendants to pay Plaintiff an additional amount of liquidated damages as provided for in 29 U.S.C. § 216(b) and NYSLL § 198(1-a).

d. Awarding Plaintiff, the costs of this action together with reasonable attorneys' fees, as provided in 29 U.S.C. § 216(b) and NYSLL § 198(1-a).

e. Awarding Plaintiff pre- and post-judgment interest as provided for in NYSLL § 198(1-a), and;

f. Award Plaintiff statutory damages pursuant to NY State Labor Law wage notification requirements, and;

g. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

## **DEMAND FOR A JURY TRIAL**

Plaintiff demands a trial by jury as to all issues in the above matter.

Dated: Brooklyn, New York
February 9, 2023

**HERIBERTO A. CABRERA & ASSOCIATES**

  /s/ Heriberto A. Cabrera
 HERIBERTO A. CABRERA, ESQ.
 *Attorney for Plaintiff*
 480 39th Street, 2nd Floor
 Brooklyn, NY 11232
 Tel: 718-439-3600
 Fax: 718-439-1452
 info@gonylaw.com